UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MAURICE BENNING,

               Plaintiff,

v.

UNKNOWN MORSE, et al.,

               Defendants.

_____/

Case No. 2:25-cv-13898

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER PARTIALLY DISMISSING CASE

Michael Maurice Benning, an inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. The case was transferred to the Court from the Western District of Michigan. ECF No. 3. The Court granted leave to proceed in forma pauperis and, accordingly, must screen the complaint. ECF No. 8. For the reasons below, the Court will partially dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

### BACKGROUND

Plaintiff alleged a myriad of officer misconduct against him during his incarceration at the Central Michigan Correctional Facility. *See generally* ECF No. 1. First, Plaintiff alleged that Officer Volt caused him emotional distress by "continuously writing fraudulent tickets" and making him "look like a trouble maker in that unit." *Id.* at PageID.6. Similarly, Plaintiff alleged that Officer Coston "aided in [his] mental distress by assisting in the act of taking [his] privileges away." *Id.*

1

Plaintiff sued both Volt and Coston for harassment and Coston for retaliation. *Id.* at PageID.7.

Second, Plaintiff alleged that Officer Morse made sexual advances toward him, "occasionally touching [his] leg while [he] was in bed," and urged Plaintiff to "perform sexual favors for him." *Id.* at PageID.4. He sued Morse for "assault and battery." *Id.* at PageID.7.

Third, Plaintiff described an incident that occurred on December 16, 2024 and resulted in physical injuries. As best the Court can tell from the complaint, Plaintiff disagreed with Officer Morse about whether he was on "punishment" and thus restricted from certain areas. Plaintiff "was going to the T.V. room to check [his] emails" when Morse told him he was on punishment. Plaintiff disagreed and told Morse he had been off punishment for three days. In a supposed attempt to avoid an argument, Plaintiff walked away from Morse. Morse got in front of Plaintiff to prevent him from moving and called for backup. At this point, Plaintiff "tried to avoid him again by going a different direction." According to Plaintiff, he also tried "to reason with him" and showed him that his picture was not on the punishment list. After he attempted to walk away for a third time, backup presumably arrived and, according to Plaintiff, he "was ambushed by several prison guards." *Id.* at PageID.4–5.

Plaintiff said the incident resulted in a severe ankle fracture that is unbearably painful. *Id.* at PageID.6. Because Supervisor White was "laying on the floor where [Plaintiff's] right leg was positioned," Plaintiff believes he is the officer who caused

2

his injury. *Id.* at PageID.5. As a result, Plaintiff sued White for excessive force. *Id.* at PageID.7.

## LEGAL STANDARD

Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, or employees that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But it must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of the rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required, but the bare assertion of legal conclusions is not enough. *Twombly*, 550 U.S. at 555. The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). As explained below, Plaintiff did not state a § 1983 claim against Defendants Volt and Coston, but his claims against Defendants Morse and White survive screening.

I.     Defendants Volt and Coston

Benning's claims against Defendants Volt and Coston based on "harassment" must be dismissed for failure to state a claim. First, the Sixth Circuit has consistently held that the use of harassing or degrading language by a prison official does not rise to constitutional dimensions. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (finding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits). Moreover, the issuance of an allegedly false misconduct ticket does not constitute punishment under the Eighth Amendment. *See Williams v. Reynolds*, 198 F.3d 248 (6th Cir. 1999) (unpublished

4

table decision); *see also Bruggeman v. Paxton*, 15 F. App'x 202, 205 (6th Cir. 2001). The Sixth Circuit has further held that without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. S*ee Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *see Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017) ("Temporary loss of privileges and confinement in segregation—without any allegations that basic human needs were not met—cannot establish an Eighth Amendment claim."). Here, Plaintiff did not show that Defendants' actions deprived him of basic human needs under the Eighth Amendment. Therefore, he failed to state a claim against these Defendants.

Plaintiff's claim against Coston for retaliation is similarly insufficient. To establish a prima facie case of First Amendment retaliation, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the defendant's conduct was substantially motivated at least in part by retaliation for the plaintiff's protected speech and conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394-99 (6th Cir. 1999). Other than claiming that the tickets were "fraudulent," Plaintiff did not allege that he engaged in any protected conduct that resulted in an adverse action. Accordingly, he failed to state a retaliation claim against Coston.

II.    Defendants Morse and White

Plaintiff alleged that Defendants Morse and White violated his rights by engaging in acts of sexual and physical assault. It is well-established that sexual abuse by corrections officers can be sufficiently serious to violate the Eighth Amendment. *See, e.g.*, *Rafferty v. Trumbull Cty. Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (collecting cases). Additionally, the Eighth Amendment forbids the excessive use of force against prisoners by those charged with their custody. *See, e.g.*, *Hudson v. McMillan*, 503 U.S. 1, 5, 8–9 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Based on the allegations concerning Morse's sexual advancements and physical assaults, as well as White's alleged involvement in fracturing Plaintiff's leg, the Eighth Amendment claims against Defendants Morse and White survive screening.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED IN PART** as described above.

**IT IS FURTHER ORDERED** that Defendants Volt and Coston are **DISMISSED** because there are no surviving claims against them.

**IT IS FURTHER ORDERED** that the claims against Defendants Morse and White survive the Court's initial screening.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 22, 2026

6